# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CHARLES JOINER**                                                                              **PLAINTIFF**

**V.**                                                                                                  **NO. 3:09CV056-B-D**

**LAFAYETTE COUNTY DETENTION**
**CENTER, et al.**                                                                       **DEFENDANTS**

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate housed in the Lafayette County Detention Center, complains that he has been denied access to the courts and denied medical attention. The Plaintiff further avers that the Defendants failed to protect him from another inmate. Specifically, the Plaintiff submits that he was attacked by another inmate in January of 2009. The Plaintiff, however, does not assert that he suffered any injury as a result of the attack. The Plaintiff then claims that he was denied medical attention presumably after the attack but again fails to specify any injury or illness. Finally, the Plaintiff claims that he has been denied access to the courts due to the inadequate law library but he does not assert any prejudice as a result thereof. In light of these deficiencies, the court issued a show cause order allowing the Plaintiff an opportunity to provide additional details and facts to support his claims. Despite being warned of the consequences should he fail to respond, the Plaintiff has not submitted any further factual details.

### Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in

intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the bare facts of this case as presented by the Plaintiff, the court cannot determine if he was denied medical care or if there was any serious medical need. The Plaintiff was given the opportunity to elaborate upon his allegations but has failed to set forth sufficient facts to state a claim. Therefore, the Plaintiff's claim of denial of medical attention shall be summarily dismissed.

**Failure to Protect**

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). This

2

standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* 511 U.S. at 837. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels*, 474 U.S. at 327.

Here, the court finds it is beyond doubt that Plaintiff has failed to allege the Defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Farmer*, 511 U.S. at 826 (citation omitted). Once again and despite having been given ample opportunity, the Plaintiff has failed to annotate his complaint with sufficient facts to forestall dismissal. In short, the Plaintiff has failed to state a failure to protect claim.

## Denial of Access-to-the-Courts

To support a claim for denial of access to the courts based on the lack of access to a library, the Plaintiff must show not only the denial but also an actual injury resulting from the denial. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174, 135 L. Ed. 2d 606 (1996). The plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that he has been unable to pursue. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L .Ed. 2d 413 (2002) (quoting *Lewis*). Absent an actual injury through prejudice as a litigant in a pending litigation or inability to transmit legal documents, the Plaintiff is not entitled to relief based on denial of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Consistent with his prior claims, the Plaintiff has set forth only conclusory allegations. The complaint is devoid of any facts or allegation of prejudice or underlying litigation which was hampered by the purported inadequate law library. The Plaintiff's claim is, therefore, dismissed for failure to state a claim upon which relief may be granted.

**Imposition of a Strike**

The court's dismissal of the Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Mr. Joiner is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 18th day of September, 2009.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI